UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MICHAEL ALONZO ROBINSON, JR.,
*Petitioner*,

v.                                                          1:24-cv-1059-MSN-IDD

CHADWICK DOTSON,
*Respondent*.

## MEMORANDUM OPINION AND ORDER

Virginia inmate Michael Alonzo Robinson, Jr. ("Petitioner" or Robinson), proceeding a *pro se*, has filed an amended petition for a writ of habeas corpus challenging the validity of his January 10, 2013 convictions in the Circuit Court for the City of Richmond, Virgina for first-degree murder, use of a firearm in the commission of a felony (four counts), abduction for pecuniary benefit (two counts), and robbery. (ECF 7).[1] He also seeks to invoke jurisdiction to review the validity of his convictions under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702. (ECF 7 at 13; 7-2 at 1). The amended petition alleges violations of his Fourth Amendment rights, Fifth Amendment rights, and ineffective assistance of counsel. The amended petition will be dismissed without prejudice because it is successive, which means the Court has no jurisdiction to consider the amended petition. *See Robinson, Jr. v. Clarke*, No. 1:16-cv-298, 2016 U.S. Dist. LEXIS 117607 (E.D. Va. Aug. 30, 2016).

---

[1] The original petition for a writ of habeas corpus did not comply with Local Civil Rule 83.4, which directs that a *pro se* petition for a writ of habeas corpus "must be filed on a set of standardized forms to be supplied, upon request, by the Clerk without cost to the petitioner." On June 20, 2024, the Court directed Robinson to comply with the Local Rule and file an amended petition using a standardized form. (ECF 5). Robinson requested an extension of time and filed his amended petition on July 23, 2024. (ECF 7). The Court deems the amended petition timely filed, and the motion for extension of time, (ECF 6), is therefore moot. The amended petition indicates that Robinson had filed a previous petition for a writ of habeas corpus in this Court. (ECF at 12, ¶ 14).

After his convictions, Robinson, by counsel, filed a petition for appeal in the Court of Appeals of Virginia, which granted his petition for appeal and affirmed his convictions on September 16, 2014. *Robinson v. Commonwealth*, 762 S.E.2d 806, 807 (Va. Ct. App. 2014). Robinson filed a petition for appeal in the Supreme Court of Virginia, which refused his petition for appeal on March 12, 2015. (Record No. 141489). As relevant to this proceeding, Robinson, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court on March 15, 2016. *Robinson*, No. 1:16-cv-298, ECF 1. The Court dismissed the petition on August 30, 2016, *Id.* at ECF 20, and Robinson filed a notice of appeal. *Id.* at ECF 23. The Fourth Circuit dismissed the appeal for failure to prosecute on December 12, 2016. *Id.* at ECF at 28.

28 U.S.C. § 2244(b) compels a district court to dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that but for constitutional error, no reasonable fact Finder would have found the applicant guilty of in in lying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of Section 2244(b) affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244, however, does not lie with the

district court. It "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction." *Evans*, 220 F.3d at 325. Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit. This Court therefore lacks jurisdiction to consider this successive petition and it will be dismissed without prejudice.

In an effort to avoid Section 2244's bar on successive petitions, Robinson relies on the APA as a basis for this Court's jurisdiction to review his claims. A prisoner seeking to challenge the legality of his state conviction, however, must file a petition pursuant to Section 2254, "[a]nd if the petition is a second or successive one, the [prisoner] first must 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Harris v. United States DOJ*, No. 1:23cv00705, 2023 U.S. Dist. LEXIS 67137, *2-3 (D.D.C. Apr. 17, 2023) (quoting 28 U.S.C. § 2244(b)(3)(A)). *Harris* expressly rejected the prisoner's attempt to rely on the APA as a basis to challenge his state convictions.

> because plaintiff may pursue relief by and through a petition for writ of habeas corpus, there can be no of action under the APA to challenge the legality of his conviction or detention "because that Act is limited to review of agency action 'for which there is no other adequate remedy.'" *Vetcher v. Sessions*, 316 F. Supp. 3d 70, 77-78 (D.D.C. 2018) (holding that plaintiff may not bring claim under APA when habeas remedy was available) (quoting 5 U.S.C. § 704; citing *Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 305 (D.D.C. 2009)).

*Harris*, 2023 U.S. Dist. LEXIS 67137, *2-3. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [.]") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). And a "'person in custody pursuant to the judgment of a State court,' . . . can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v. Norris (In re Permission to File a Successive Habeas Corpus)*, 251 F.3d 720, 723 (8th Cir. 2001) (citations omitted).

Furthermore, the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof," 5 U.S.C. § 702; however, such redress is available only for actions taken by *federal agencies*. 5 U.S.C. § 701(b)(1) ("'[A]gency' means each authority of the Government of the United States . . . ."). "[B]y its terms, the APA applies only to federal agencies." *S.C. Wildlife Fed'n V. Limehouse*, 549 F.3d 324, 331 n.5 (4th Cir. 2008)) (citing *Karst Envtl. Educ. & Prot., Inc.* v. EPA, 475 F.3d 1291, 1296-98 (D.C. Cir. 2007); *Appalachian Power Co. v. EPA*, 579 F.2d 846, 852 n.8 (4th Cir. 1978) ("Of course, the proceeding involved in this challenge was before a state agency and was not controlled by the Administrative Procedure Act.").

Accordingly, it is hereby

**ORDERED** that this successive petition (ECF 1,7) be and is **DISMISSED WITHOUT PREJUDICE** to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition; and it is further

**ORDERED** that Petitioner's motion for an extension of time, ECF 6, is **DISMISSED** as **MOOT.**

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

August 19, 2024
Alexandria, Virginia